RUSS, AUGUST & KABAT
Benjamin T. Wang, State Bar No. 228712
bwang@raklaw.com
James Tsuei, State Bar No. 285530
jtsuei@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California  90025
Telephone:   (310) 826-7474
Facsimile:(310) 826-6991

MORRIS, MANNING & MARTIN, L.L.P.
Lawrence H. Kunin, Esq. (*pro hac vice* pending)
Daniel E. Sineway, Esq. (*pro hac vice* pending)
Benjamin J. Warlick, Esq. (*pro hac vice* pending)
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Facsimile: (404) 365-9532

Attorneys for Plaintiff
*ALLCONNECT, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALLCONNECT, INC.<br><br>　　　　　　*Plaintiff*,<br><br>vs.<br><br>KANDELLA, LLC,<br><br>　　　　　　*Defendant*. | Case No. 2:18-cv-05959<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Allconnect, Inc. ("Allconnect") for its Complaint against Defendant Kandela, LLC ("Kandela") states as follows:

1.　　This lawsuit is brought to address Kandela's use of Allconnect's patented technologies that relate to computing systems for processing and analyzing

1

data regarding home and business services like internet, TV, phone, and utilities. Allconnect developed these technologies to assist its customers in finding optimal services for any location based on the customer's needs and preferences. Allconnect's innovations and investments are protected by multiple patents issued by the United States Patent & Trademark Office. Kandela has nonetheless chosen to use Allconnect's patented technologies without permission and for its own commercial gain. This lawsuit is designed to address Kandela's misconduct. Allconnect intends to defend the significant investments it has made in these technologies for the benefit of its customers.

## PARTIES, JURISDICTION AND VENUE

2.      Allconnect is a corporation that is incorporated in Delaware with places of business at 1423 Red Ventures Drive, Fort Mill, South Carolina, 29707, and 1600 Riveredge Parkway, Suite 200, Atlanta, Georgia, 30328. Allconnect develops innovative technologies that make it easy to shop for, compare and set up home and business services like internet, TV, phone, utilities and more. Since 1998, Allconnect has helped more than 33 million customers across the country set up home services and switch providers. Allconnect does business in this judicial district, and through its website at www.allconnect.com and telephone.

3.      On information and belief, Kandela is a limited liability company that is organized in California with a principal place of business at 8306 Wilshire Boulevard, Suite Number 874, Beverly Hills, California 90211. Kandela does business in this judicial district.

4.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case presents well pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*

5.      The exercise of *in personam* jurisdiction by this Court over Kandela comports with due process because of its presence in this state and judicial district. Kandela has also committed acts of patent infringement in this district.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1     6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28

2   U.S.C. § 1400(b) because on information and belief, Kandela resides, has committed

3   acts of patent infringement, and has a regular and established place of business in

4   this judicial district.

5     **ALLCONNECT'S PIONEERING HOME SERVICES INNOVATIONS**

6     7.    This is an action for infringement of patents awarded to research and

7   development teams at Allconnect for their years of work developing and improving

8   technologies that, among other things, allow users to easily shop for, compare and

9   set up home and business services like internet, TV, phone, utilities and more.

10    8.    Users interested in home and business services can skip the tedious

11  process of contacting each service provider individually, taking notes, comparing

12  prices, reviewing the information, and then calling back a selected provider to place

13  an order.

14    9.    Allconnect has not simply "computerized" existing methods of

15  collecting and comparing information from multiple service providers. These

16  innovations include specialized databases and processes for collecting and

17  aggregating vast quantities of home and business service information, as well as

18  advanced data analytics for turning that data into useful results.

19    10.    Allconnect has continued to innovate and improve its search product by

20  developing and implementing technological features that improve the user's search

21  experience. For example, Allconnect developed a "serviceability" feature that

22  matches services to a location based on the particular requirements of the service

23  and the capabilities available at that location.

24    11.    Allconnect is the assignee of all right, title, and interest in U.S. Patent

25  Nos. 8,346,624 (the "'624 Patent") and 8,433,617 (the "'617 Patent") (collectively

26  referred to as the "Allconnect Patents" in this Complaint). The Allconnect Patents

27  arose from years of research and development by engineers at Allconnect to assist

28

**COMPLAINT FOR PATENT INFRINGEMENT**

its customers in finding optimal services for any location based on the customer's needs and preferences.

12.   Allconnect has not licensed its competitors to use these patented technologies.

### ALLCONNECT'S U.S. PATENT 8,346,624

13.   The '624 Patent, entitled "Systems and Methods for Recommending Third Party Products and Services," was invented by Glenn R. Goad, David Norman Martin, and Ravi Trivedi.

14.   The patent is, generally speaking, directed to improved computing systems for processing and analyzing data regarding home and business services like internet, TV, phone, and utilities, including those used today by Allconnect.  For example, these improvements include collecting and aggregating vast quantities of information into a specialized database, data analytics to find optimal services for any location based on the user's needs and preferences, and generating product performance data.  Below is a figure from the '624 Patent showing the manner of collecting, aggregating, and processing information on home and business services.

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT



*FIG. 1*

OVERVIEW OF ORDER FACILITATION AND RECOMMENDATION SYSTEM

15.    The systems and methods taught by the '624 Patent solve discrete, technological problems, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods.   Examples include the following:

16.    Analytics on the aggregated data can identify useful patterns in ways that had not been possible before.  The specification gives the example of a service provider named "Telco" that uses data analytics to "determine that most users prefer Telco's Internet service because of the cost benefits offered and because Telco provides excellent customer support service." ('624 Patent col. 4, lines 43-47.)  This data may then be analyzed to optimize service plans for better customer satisfaction. (*Id.* lines 47-50.)  This analysis is possible because of the unique way that the invention aggregates home and business service data across multiple addresses and multiple providers.

17.     The '624 Patent specification discloses a specialized database. Various embodiments of the database aggregate information on each user, "such as user identification number, preferences and details associated with that user, the user's purchase history of products and services ordered through the computing system 102, current, future, and previous address information (if available), financial information (e.g., credit history), and other similar types of information," (*id.*, col. 5, lines 30-36); information on addresses, including "address characteristics (such as whether the location is a business address or a household, an apartment or a home, etc.), the size of the residence, the floor plan, the number of rooms, the size of a lot, or other similar information," (*id.* col. 5, lines 52-58); information on products and services, including "prices of plans, plan specifics, features . . . , geographical areas serviced, special offers or promotions from the service providers 104, and other similar information," (*id.* col. 6, lines 1-4), and information on the capabilities offered by the products and services at particular addresses or geographic areas, (*id.* col. 6, lines 11-28). The database may include pointers that cross-reference data from one table to another, thus allowing more efficient aggregation of the data. (*E.g., id.* col. 17, lines 56-60). Below is a figure from the '624 Patent showing a database schematic relating to storing, retrieving, and manipulating users' address information.



FIG. 16

EXEMPLARY ADDRESS DATABASE SCHEMA

18.    As mentioned above, the specialized database permits powerful data analytics.  For example, the specification details how data analytics are used to recommend suitable products and services that the user is most inclined to purchase or that best fit the user's needs.  (*Id.* col. 7, lines 6-21, col. 8, lines 29-34.)  With this service, the user does not need to talk to multiple service providers or compare pricing and features individually.  (*Id.* col. 8, lines 46-53.)

19.    The advanced data analytics permit use of product performance data such as conversion rate, completion rate, or user reviews, among other data. Conversion rate indicates a ratio of total number of orders placed by users for a product/service as compared to a total number of offers for the product/service. Completion rate indicates a ratio of actual installs for a product/service as compared

7

RUSS, AUGUST & KABAT

to a total number of orders placed by users for the product/service. Performance results like these are used in ranking and recommending products and services to users. This sort of performance data was not previously available to users calling individual providers.

20.     The systems and methods taught by the '624 Patent provide improved functionality over conventional techniques used in prior art systems, resulting in improved results for the user. The '624 Patent's improvements are further described in their specifications.

### ALLCONNECT'S U.S. PATENT 8,433,617

21.     The '617 Patent, entitled "Systems and Methods for Identifying Third Party Products and Services Available at a Geographical Location," was invented by Glenn R. Goad, Neil J. Singer, David N. Martin, Ryan J. Chapple, and Earl D. Baugh, Jr.

22.     The '617 Patent is a continuation-in-part of the '624 Patent. The patent is, generally speaking, directed to improved computing systems for processing and analyzing data regarding home and business services like internet, TV, phone, and utilities, including those used today by Allconnect. For example, these improvements include features regarding "serviceability" – referring to data collection, aggregation, and analytics to identify products and services offered at a particular location that match the capabilities available at that location. Below is a figure from the '617 Patent showing the manner of collecting, aggregating, and processing information on home and business services.

RUSS, AUGUST & KABAT



**FIG. 1**
OVERVIEW OF ORDER FACILITATION AND RECOMMENDATION SYSTEM

23.     The systems and methods taught by the '617 Patent solve discrete, technological problems, representing new, novel and useful improvements over the existing and/or patentably distinct means and methods.   Examples include the following:

24.     The data collected and aggregated includes information regarding the capabilities available at a given address, such as whether the address is pre-wired for home security or satellite systems, or is located on a recycling pickup route.   (*Id.*, col. 9, lines 21-25.)

25.     The '617 specification describes a solution to an important technical challenge in collecting and aggregating data from multiple sources and in different formats.   In various embodiments, the data collection includes parsing and normalizing of disparate address information to enable effective processing.   (*Id.*, col. 15, lines 1-5.)  For example, if the address received is in a non-standard format, like "314-A Atlanta St. George Street Georgia 32321-4378," the parser breaks the information down into individual elements such as "Atlanta," "Georgia," "St.

9

George Street," "314-A," and so on, and then identifies these elements as city, state, and street address. (*Id.*, col. 17, lines 20-42.)  These elements are then reassembled into a normalized and standard address format. (*Id.*, col. 17, lines 63-66.)

26.    Like the '624 Patent, the '617 Patent also recites a specialized database. The '617 Patent details various embodiments of the database that aggregate information on the capabilities required for each service, (*Id.*, col. 24, lines 8-10), and information on capabilities available at particular addresses, "for example, a given address may indicate that it is pre-wired for a security system, or that it has a septic system," (*Id.*, col. 24, lines 20-41).  Below is a figure from the '617 Patent showing a database schematic relating to storing, retrieving, and manipulating service capabilities in relation to user addresses.



**FIG. 14**

EXEMPLARY CAPABILITIES DATABASE SCHEMA

RUSS, AUGUST & KABAT

27.     Using this aggregated data, the advanced data analytics may then provide unique insights.  For example, the specification details how data analytics are used to compare the required capabilities with the capabilities available at a particular address.  (*Id.*, col. 25, lines 7-12.)

28.     The systems and methods taught by the '617 Patent provide improved functionality over conventional techniques used in prior art systems, resulting in improved results for the user.  The '617 Patent's improvements to home and business services search are further described in their specifications.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,346,624

29.     Allconnect incorporates herein the allegations set forth in paragraphs 1-28 as if fully set forth herein.

30.     The '624 Patent, entitled "Systems and Methods for Recommending Third Party Products and Services," was duly and lawfully issued on January 1, 2013.  Attached as Exhibit A is a true and correct copy of the '624 Patent.

31.     The '624 Patent has been in full force and effect since its issuance. Allconnect owns by assignment the entire right, title and interest in and to the '624 Patent, including the exclusive right to sue for past damages and injunctive relief.

32.     Allconnect is informed and believes, and on this basis alleges, that Kandela, agents of Kandela, and/or third parties acting under Kandela's direction and control, including Kandela's customers and partners, have offered for sale, sold, and/or imported into the United States products and services that infringe the '624 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Kandela call center that relies on computer-implemented search for various home/business services including TV, internet, and phone and all versions and variations thereof since the issuance of the '624 Patent. ("Accused Instrumentalities").

RUSS, AUGUST & KABAT

33.     On information and belief, the Accused Instrumentalities practice the method claimed by at least claim 1 of the '624 Patent.  The Accused Instrumentalities are a computer-implemented method for offering recommendations for one or more third party products and services to a user based on a geographical location associated with the user, and based on user-related parameters and information relating to the third party products and services, comprising the steps of: receiving information relating to third party products and services, wherein the information relating to the third party products and services includes availability information indicative of geographic availability for each product and service, and wherein the information relating to the third party products and services includes product performance data indicative of performance results for each product and service; receiving one or more user-related parameters, wherein the one or more user-related parameters include preferences of the user and location information corresponding to a geographical location associated with the user; identifying from the third party products and services one or more eligible third party products and services available to the user by comparing the availability information for each third party product and service to the location information corresponding to the geographical location associated with the user; ranking the one or more eligible third party products and services based on the one or more user-related parameters and based on the information relating to the third party products and services, including the product performance data indicative of performance results for each product and service; and providing the user with information relating to at least one of the one or more ranked eligible third party products and services.

34.     For example, the Accused Instrumentalities offer search based on street address.  The call center agents provide "performance data," including broadband internet speed and pricing.

35.     Kandela has had actual knowledge of its infringement of the '624 Patent, and continues to infringe the '624 Patent notwithstanding that knowledge.

12

Allconnect is informed and believes that Kandela has had actual knowledge of its infringement of the '624 Patent since at least the time of service of this Complaint, and since before the time of service of the Complaint, including for the reasons that, for example: Allconnect's products were well-known and publicized; Allconnect has received press coverage of its pioneering technological developments in home and business service search; Allconnect has marketed its products with notices regarding the '624 Patent; and Allconnect and Kandela are competitors in the same industry and, in particular, offer competing home and business service search products, giving Kandela reason to investigate Allconnect's patents on the technologies. To the extent that Kandela lacked knowledge of its infringement of the '624 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating Allconnect's patents or inspecting Allconnect's website.

36.     As a result of Kandela's infringement of the '624 Patent, Allconnect has been damaged. In addition, Kandela's infringing acts and practices have caused and are causing immediate and irreparable harm to Allconnect. Allconnect is entitled to recover for damages sustained as a result of Kandela's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

37.     Allconnect is further informed, and on this basis alleges, that Kandela's infringement of the '624 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Allconnect pursuant to 35 U.S.C. §§ 284-285. As noted above, Kandela has had knowledge of the '624 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Allconnect's patent rights. Thus, Kandela's infringing activities have been and continue to be consciously wrongful.

RUSS, AUGUST & KABAT

38.     To the extent 35 U.S.C. § 287 is determined to be applicable, Allconnect is informed and believes its requirements have been satisfied with respect to the '624 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,433,617

39.     Allconnect incorporates herein the allegations set forth in paragraphs 1-28 as if fully set forth herein.

40.     The '617 Patent, entitled "Systems and Methods for Identifying Third Party Products and Services Available at a Geographical Location," was duly and lawfully issued on April 30, 2013.  Attached as Exhibit B is a true and correct copy of the '617 Patent.

41.     The '617 Patent has been in full force and effect since its issuance. Allconnect owns by assignment the entire right, title and interest in and to the '617 Patent, including the exclusive right to sue for past damages and injunctive relief.

42.     Allconnect is informed and believes, and on this basis alleges, that Kandela, agents of Kandela, and/or third parties acting under Kandela's direction and control, including Kandela's customers and partners, have offered for sale, sold, and/or imported into the United States products and services that infringe the '617 Patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, the Kandela call center that relies on computer-implemented search for various home/business services including TV, internet, and phone, and all versions and variations thereof since the issuance of the '617 Patent. ("Accused Instrumentalities").

43.     On information and belief, the Accused Instrumentalities practice the method claimed by at least claim 1 of the '617 Patent.  The Accused Instrumentalities are a computer implemented method for identifying products and services available at a geographic location, wherein a plurality of service providers offer a plurality of services to users at a plurality of geographic locations, and wherein one or more

RUSS, AUGUST & KABAT

steps of the computer implemented method are performed via a computer processor, the method comprising the steps of: receiving location information corresponding to a particular geographic location associated with a user, wherein the particular geographic location is associated with a specific property at the particular geographic location; identifying one or more services offered by one or more service providers to the particular geographic location based on the location information corresponding to the particular geographic location; receiving service information associated with the one or more services offered to the particular geographic location by the one or more service providers, the service information including capabilities required information indicative of physical capabilities required by properties to effectuate the one or more services at geographic locations; receiving capabilities available information at the computer processor from one or more electronic databases corresponding to pre-existing physical capabilities of the specific property at the particular geographic location for receiving the one or more services offered to the particular geographic location; comparing, via the computer processor, the received capabilities required information of the one or more services to the received capabilities available information of the specific property at the particular geographic location to identify a subset of the one or more services that includes capabilities required information that matches capabilities available information of the specific property at the particular geographic location; and generating serviceability information comprising information related to the identified subset of the one or more services capable of being offered to the particular geographic location associated with the user, whereby the serviceability information is used to assist the user in ordering services for the specific property at the particular geographic location associated with the user.

44.     For example, the Accused Instrumentalities offer search based on street address.  The Accused Instrumentalities process capabilities required information from home service providers.  Upon information and belief, for each location the

RUSS, AUGUST & KABAT

Accused Instrumentalities identify one or more services based on the capabilities required information and the physical capabilities available at the location.

45.     Kandela has had actual knowledge of its infringement of the '617 Patent, and continues to infringe the '617 Patent notwithstanding that knowledge. Allconnect is informed and believes that Kandela has had actual knowledge of its infringement of the '617 Patent since at least the time of service of this Complaint, and since before the time of service of the Complaint, including for the reasons that, for example: Allconnect's products were well-known and publicized; Allconnect has received press coverage of its pioneering technological developments in home and business service search; Allconnect has marketed its products with notices regarding the '617 Patent; and Allconnect and Kandela are competitors in the same industry and, in particular, offer competing home and business service search products, giving Kandela reason to investigate Allconnect's patents on the technologies.  To the extent that Kandela lacked knowledge of its infringement of the '617 Patent before the time of service of this Complaint, it remained willfully blind by affirmatively avoiding investigating Allconnect's patents or inspecting Allconnect's website.

46.     As a result of Kandela's infringement of the '617 Patent, Allconnect has been damaged.  In addition, Kandela's infringing acts and practices have caused and are causing immediate and irreparable harm to Allconnect.  Allconnect is entitled to recover for damages sustained as a result of Kandela's wrongful acts in an amount yet to be determined and to receive such other and further relief, including equitable relief, as this Court deems just and proper.

47.     Allconnect is further informed, and on this basis alleges, that Kandela's infringement of the '617 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to Allconnect pursuant to 35 U.S.C. §§ 284-285.  As noted above, Kandela has had knowledge of

RUSS, AUGUST & KABAT

16

the '617 Patent and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Allconnect's patent rights.   Thus, Kandela's infringing activities have been and continue to be consciously wrongful.

48.   To the extent 35 U.S.C. § 287 is determined to be applicable, Allconnect is informed and believes its requirements have been satisfied with respect to the '617 Patent.

## DEMAND FOR JURY TRIAL

49.   Pursuant to Federal Rule of Civil Procedure 38(b), Allconnect hereby demands a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Allconnect prays for entry of judgment as follows:

A.   Adjudging that Kandela has infringed, either literally or under the doctrine of equivalents, the '624 and '617 Patents, in violation of 35 U.S.C. § 271(a);

B.   Adjudging that each claim of the '624 and '617 Patents is valid and enforceable;

C.   Granting an injunction and permanently enjoining Kandela, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '624 and '617 Patents;

D.   Ordering Kandela to account and pay damages adequate to compensate Allconnect for Kandela's infringement of the '624 and '617 Patents, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

E.   Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

F.   Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

1    G.    Declaring this case exceptional and awarding Allconnect its reasonable

2  attorneys' fees, pursuant to 35 U.S.C. § 285; and

3    H.    Awarding such other and further relief as this Court deems just and

4  proper.

5

6  DATED:  July 9, 2018                          RUSS, AUGUST & KABAT
                                                 Benjamin T. Wang
7

8

9

10                                      By:  /s/ Benjamin T. Wang
                                             Benjamin T. Wang
11                                           James Tsuei
                                             Attorneys for Plaintiff
12                                           Allconnect, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28