UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLCONNECT, INC. | Case No. 2:18-cv-05959-DOC-JDE |
| Plaintiff, | Related to Case No. 8:18-cv-01192-DOC-JDE |
| vs. | |
| | STIPULATED PROTECTIVE ORDER |
| KANDELA, LLC | |
| Defendant. | [Note Changes by the Court] |

The Court, having considered the Stipulation (Dkt. 51) of Plaintiff, Allconnect, Inc., and defendant, Kandela LLC (collectively, "Parties," individually, "Party"), and, with the changes made by the Court to comply with the applicable authorities, including the Local Civil Rules of this Court, good cause appearing therefor, orders that the following procedures designed to assure the protection of confidential information not already in the public domain (the "Protective Order" or "Order") shall govern any discovery in the above-captioned action ("Action").

     1.   <u>Scope and Terms</u>.  This Protective Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any Party or non-party required to give deposition testimony and/or produce documents (a "Disclosing Party" or a "Designating

Party"). As used in this Protective Order, the term "Receiving Party" shall mean any party who is the recipient of information supplied in this Action by a Disclosing Party, and the term "documents" shall mean all written material, electronically-stored images and data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise). Documents or information produced in this Action and designated as "Confidential", "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only- Source Code" shall be referred to herein as "Protected Material."

2. <u>Good Cause Statement</u>. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, business operations, processes, and development information, current or future business or technical trade secrets or highly sensitive design, development or manufacturing information, highly sensitive business planning, strategy or marketing information, or highly sensitive financial information such as financial statements, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), source code and information incorporating or otherwise revealing source code, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties

are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. <u>Protected Material</u>. All Protected Material to be produced by a Disclosing Party in this Action shall only be used, shown or disclosed as provided in this Protective Order. Any person or entity in possession of Protected Material as a result of the production of such materials in this Action shall maintain those materials in a secure manner, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order. The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents and communications created on or after the date of execution of this Protective Order, that summarize or describe Protected Material that a Party received during this Action. However, Protected Material shall not include information which: (i) becomes generally available to the public other than as a result of a violation of this Protective Order or any other unlawful action, or (ii) was lawfully obtained by a Party on a non-confidential basis prior to being produced in the Action.

    a. <u>Confidential</u>. A Disclosing Party may designate as "Confidential" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, that qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure and as specified in the Good Cause statement set forth above.

b. <u>Highly Confidential – Attorneys' Eyes Only</u>.  A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, that includes information that qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure and as specified in the Good Cause statement set forth above and is (1) current or future business or technical trade secrets or (2) other highly sensitive, confidential, non-public information (including, without limitation, highly sensitive design, development or manufacturing information; highly sensitive business planning, strategy or marketing information; or highly sensitive financial information such as financial statements), the disclosure of which is likely to significantly harm the Disclosing Party's competitive position.

c. <u>Highly Confidential – Attorneys' Eyes Only – Source Code</u>.  A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only – Source Code" any information or document that qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure and as specified in the Good Cause statement set forth above and contains, describes or embodies any portion of a Disclosing Party's or non-party's proprietary and confidential source code, or the substance thereof.

4. <u>Designation of Protected Material</u>.  The designation of Protected Material shall be made at the time of disclosure by (i) in the case of a document, placing the phrase "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only – Source Code"  on each page of the document so designated; or (ii) in the case of tangible things, putting Parties on notice of any such "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

or "Highly Confidential – Attorneys' Eyes Only – Source Code" designation, including, without limitation, providing such notice in writing during production of the tangible thing. In the event that a Disclosing Party produces two (2) or more identical copies of a document of which at least one (1) copy is designated as Confidential or Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Attorneys' Eyes Only – Source Code and at least one (1) copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action. In the case of documents or tangible things, inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the giving of any such subsequent written notice, the documents or tangible things designated as Protected Material in the subsequent notice shall be deemed subject to this Protective Order.

5. <u>Use of Protected Material</u>. A Party's Protected Material may only be used for purposes of this Action, subject to the restrictions of this Order. Absent written permission from the producing Party/non-party or an order by the Court, a Party may not use a Party/non-party's Protected Material in a related legal action involving the Parties to this litigation.

6. <u>Designation of Deposition Testimony</u>. Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material. The Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) in a writing sent to all Parties within five (5) business days after the final transcript becomes available; or (ii) during the deposition by statement on the record. The failure to timely designate deposition testimony as Protected Material waives any such designation unless

otherwise ordered by the Court or agreed in writing by the Parties. The entire deposition transcript shall be treated as "Highly Confidential –Attorneys' Eyes Only" until five (5) business days after the final transcript becomes available unless the Parties agree otherwise.

7. <u>Use of Protected Material in Depositions</u>. To the extent Protected Material or information obtained from such material is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Protected Material.

8. <u>Disclosure of Confidential Material</u>. Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons:

    a. the Court and court personnel;

    b. the Parties' in-house counsel;

    c. the Parties' officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case who have signed the Certification attached hereto as Exhibit B;

    d. the Parties' attorneys of record (and employees of the attorneys' law firms);

    e. court reporters transcribing depositions or testimony in the Action;

    f. persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

    g. experts, consultants, and investigators retained including their staff who have signed the Certification attached hereto as Exhibit A;

h.  outside photocopying, graphic production services, litigation support services, or discovery vendors employed by the Parties or their counsel;

i.  professional jury or trial consultants and mock jurors who have signed the Certification attached hereto as Exhibit A, which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

j.  any mediator or arbitrator engaged by the Parties in connection with this Action who has signed the Certification attached hereto as Exhibit A; and

k.  any other person agreed to in writing by the Designating Party.

9.  <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Material</u>. Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

a.  the Court and court personnel;

b.  the Parties' attorneys of record (and employees of the attorneys' law firms);

c.  court reporters transcribing depositions or testimony in the Action;

d.  persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

e.  experts, consultants, and investigators retained including their staff who have signed the Certification attached hereto as Exhibit A;

f.  professional jury or trial consultants and mock jurors who have signed the Certification attached hereto as Exhibit A, which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

g. outside photocopying, graphic production services, litigation support services, or discovery vendors employed by the Parties or their counsel;

h. any mediator or arbitrator engaged by the Parties in connection with this Action who has signed the Certification attached hereto as Exhibit A; and

i. any other person agreed to in writing by the Designating Party.

10. Protection of Source Code: Documents or information designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to all protections applicable to materials designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" as set forth in Paragraph 9, as well as the following additional protections:

a. If the production of source code or documents that contain or embody source code occurs in this Action, after reasonable notice to the Receiving Party, a single electronic copy of any such source code shall be made available (to the extent such electronic copy can be obtained by the Disclosing Party) for inspection on a non-networked stand-alone computer at a mutually agreeable location and at mutually agreeable times during normal business hours, or source code shall be made available in another form selected by the Disclosing Party that is at least as accessible as the stand-alone computer option described herein. The non-networked stand-alone computer shall be password protected and supplied by the Disclosing Party of the source code;

b. Access to the stand-alone computer shall be permitted, after notice to the Disclosing Party and an opportunity to object, to two (2) outside counsel representing the Receiving Party and two (2) experts retained by the Receiving Party (and, if the Disclosing Party is a non-party, to two (2) outside counsel representing the other Party to this Action and two (2) experts retained by such other Party);

c. Outside counsel may request that additional software tools be installed on the stand-alone computer to assist the Receiving Party's review of the source code. If the Parties and/or non-parties are unable to agree on the additional requested software tools, they may seek an order from the Court after making a good faith effort to resolve their dispute;

d. All access to the source code computer shall be maintained on a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each Person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) a copy of any hard (non-electronic) copies of any portion of the code that were produced;

e. No electronic copies of source code shall be made without the agreement of the Disclosing Party or further order of the Court, with an exception only for those limited excerpts of source code that a Party, in good faith, is specifically incorporating into expert reports, discovery responses, or under-seal court filings;

f. Absent express permission of the Disclosing Party or an order from the Court authorizing a greater number, a Party shall be allowed to make up to 500 pages of hard (non-electronic) copies of those portions of source code that it, in good faith, considers necessary to the preparation of its case, and may remove the hard (non-electronic) copies from the premises of the source code custodians. Notwithstanding the foregoing, a Party may not make any hard copy of more than twenty (20) consecutive pages of source code absent express permission of the Disclosing Party or an order from the Court. A "page" for purposes of this limitation will be defined as an 8.5 x 11 inch sheet of paper with 12 point font. These page limitations will not preclude any Party from seeking additional pages and/or additional consecutive pages for good

reason. If any dispute arises concerning the number of pages and/or number of consecutive pages, the Disclosing Party and Receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.

g.  No additional copies of hard (non-electronic) copies of source code or portions of source code shall be made without the agreement of the Disclosing Party, regardless of whether such source code was initially produced in hard-copy format or whether such hard copies were made pursuant to the preceding sub-paragraph. Notwithstanding the foregoing, nothing in this sub-paragraph shall prevent a Party from making such additional hard copies of source code as are necessary for use as exhibits at trial, in depositions, or attached to court papers in the litigation. Such papers shall be subject to the protections applicable to materials designated Highly Confidential – Attorneys' Eyes Only – Source Code;

h.  Prior to the Receiving Party removing any hard (non-electronic) copies from the premises of the source code custodian, the Receiving Party shall inform the Disclosing Party as to specifically what portions of source code it plans to take into its possession. The Disclosing Party shall then have three (3) court days in which to object in writing to the Receiving Party as to the extent or relevance of the source code the Receiving Party seeks to possess. If an objection is made, the Parties shall meet and confer in good faith within three (3) court days and attempt to resolve the objection. If the objection is not resolved, the Disclosing Party shall have five (5) court days after the conference to file a motion with the Court for relief from production of the subject portions of source code. The subject portions of source code shall be retained by the source code custodian, pending resolution of the motion;

i. All hard (non-electronic) copies of source code will be Bates labeled by the Disclosing Party and considered Highly Confidential – Attorneys' Eyes Only – Source Code. Such copies will be produced within five (5) days of the date on which the copies are originally made or five (5) days after a Court order to produce such copies. Within sixty (60) days of final termination of the suit, the Receiving Party shall return all hard (non-electronic) copies of source code or certify though counsel with personal knowledge that all such copies have been destroyed.

11.     Disclosure of Protected Material.     All persons, except for court personnel, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Protective Order.

12.     Disclosure to Testifying Experts.     For any expert proposed to be designated pursuant to paragraph 8(g) or 9(e) and who is expected to testify, the party seeking to disclose Protected Material to the testifying expert first must provide to all attorneys of record for the other party a written notice that: (1) attaches the testifying expert's signed undertaking (Exhibit A hereto), (2) sets forth the full name of the proposed testifying expert and the city and state of his or her primary residence; (3) attaches a copy of the proposed testifying expert's current resume; (4) identifies the proposed testifying expert's current employer(s); (5) identifies (to the extent permitted without violating any third-party confidentiality obligation) each person or entity from whom the proposed testifying expert has received compensation or funding for work in his or her areas of expertise or to whom the proposed recipient has provided professional services, including in connection with litigation, at any time during the preceding five years; and (6) identifies any litigation in connection with which the testifying expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or at trial during the preceding four years.

Unless counsel for the party that produced the Protected Material notifies the proposing attorney in writing of an objection to the proposed designee within five (5) business days of receipt of notification, such testifying expert shall be deemed qualified to receive Protected Material. In the event of an objection, the parties shall first informally try to resolve the objection in good faith within three (3) business days. If the objection cannot be resolved, the parties may request appropriate relief from the Court through the Court's procedures for resolving disputes regarding discovery matters. The burden of proving that the testifying expert should not be designated is on the objecting party.

13.  <u>Maintenance of Protected Material</u>.  Any person or entity in possession of Protected Material shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Protected Material is not further disclosed or used in any manner inconsistent with this Order.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof.

14.  <u>Prosecution Bar</u>.  Protected Materials designated Highly Confidential – Attorneys' Eyes Only and/or Highly Confidential – Attorneys' Eyes Only – Source Code are automatically subject to a prosecution bar. Any Person who receives such designated material shall not prosecute or prepare any patent application, or have any substantive involvement in the prosecution or preparation of any patent application, on behalf of any Party to this action or non-party relating to the field of technology for identifying and recommending third-party products and services via the internet from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all Parties in this action. These prohibitions,

however, will not preclude participation by such Person in any reissue, interference, inter partes review, covered business method review, post grant review, or reexamination proceedings so long as such Person has no involvement in drafting, editing, approving or amending claim language. Such Person may be involved in other activities such as reviewing, drafting or editing briefs, correspondence, or other materials in any reissue, interference, inter partes review, covered business method review, post grant review, or reexamination proceeding. In addition, no prohibition set forth in this paragraph shall apply to or result from any designated material that such Party had lawfully received or authored prior to and apart from this Action. Furthermore, the prohibitions set forth in this paragraph shall apply to experts or consultants except to the extent such experts or consultants file or have filed patent application(s) based on their own research in their field of expertise, provided no information learned in this litigation is used in connection with the prosecution of such patent application(s). If a Producing Party has reason to believe that such a patent application may contain information learned in this litigation, upon request from the Producing Party the expert or consultant shall provide evidence sufficient to show that no information learned in this litigation was so used. By agreeing to be bound by this Protective Order, an expert or consultant expressly agrees that any patent issued from a patent application found to have used a Party or non-party's confidential information shall not be enforceable against the Producing Party, its successors, or its affiliates, regardless of whether such use was deliberate or inadvertent.

15. <u>Non-Parties</u>. Any non-party producing Protected Material in this Action may be included in this Order by endorsing a copy of the Order and delivering the endorsed copy to the Party that made the request for information. The Party that made the request for information will forward the endorsed copy of the Order to the other Party. The parties to this Action may designate information produced by other parties or non-parties as Confidential or Highly Confidential – Attorney's Eyes Only

or Highly Confidential – Attorney's Eyes Only – Source Code as consistent with the terms and provisions of this Order.   Upon production of a non-party's material, the Disclosing Party will also immediately identify to the Receiving Party (i) the identity of the non-party, and (ii) the non-party's material, including any Protected Material. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Protected Material produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

16.   <u>Unauthorized Disclosure of Protected Material</u>.  Each Party shall have the responsibility, through counsel, to advise the Party designating Protected Material of any losses or compromises of the confidentiality of material so designated. It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

17.   <u>Inadvertent Disclosure of Privileged Documents</u>.   Inadvertent production of documents that are subject to work product immunity, the attorney client privilege, or otherwise subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure ("Inadvertently Produced Material"), shall not constitute a waiver of the immunity, privilege, or protection otherwise described in this Protective Order. Such inadvertently produced documents and all copies shall be returned to the Disclosing Party or destroyed upon written request.  Upon receiving written notice, the Receiving Party shall return to the Disclosing Party all copies of the Inadvertently Produced Material and any excerpts thereof or destroy the Inadvertently Produced Material and any excerpts thereof within five (5) business days of receiving such written notice. The Receiving Party shall provide written confirmation that such return or destruction of Inadvertently Produced Material has occurred.  The Disclosing Party shall be obligated to keep in a sealed envelope, or otherwise protect and secure, all Inadvertently Produced Material returned by the

Receiving Party that it believes is subject to a claim of attorney-client privilege or work-product immunity until the end of this Action, including all appeals. No use shall be made of such documents during deposition, nor shall they be shown to anyone who has not already been given access to them prior to the request to return them.

18. <u>Filing Under Seal</u>. If any person seeks to file or lodge Protected Material with any court in a manner so that, in the ordinary course, such Protected Material would be placed in a publicly accessible court file, the person seeking to file or lodge such material shall take all reasonable steps under the rules of that court to cause the Protected Material to be filed under seal, including, with respect to this Court, the procedures contained in any applicable Local Rule(s). This Protective Order does not in and of itself entitle any person or Party to file Protected Material under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. <u>See Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of material as Protected Material does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under

seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed in accordance with the Local Rules. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). This Order does not govern the use of Protected Material at trial.

19.    Disputes Concerning Protected Material.  The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party. Prior to designating any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorney's Eyes Only – Source Code," the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated. If a Receiving Party disagrees with the designation of any documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorney's Eyes Only – Source Code", the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Thereafter, the Parties shall promptly meet and confer in an effort to resolve their differences.  The Parties shall work in good faith to resolve any disputes and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.   If the disagreement cannot be resolved, the objecting Party may file a motion with the Court for relief from designation of the material as Protected Material. Such motion shall comply with the Local Civil Rules regarding discovery motions. The Party who designated the Protected Material shall have the burden of showing, on such motion that the material being objected to was appropriately designated as Protected

Material. The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

20. <u>Subpoena of Protected Material</u>. If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall, unless a lawful order from a court of competent jurisdiction prohibits such notice, promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the non-party Disclosing Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts, if permitted by law, to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any action to comply with the subpoena. Nothing in these provisions should be construed as authorizing or encouraging any person or entity to disobey a lawful directive from another court.

21. <u>Binding Effect of Protective Order</u>. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. After termination of this Action, the provisions of this Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this Action.

22. <u>Modification of Protective Order</u>. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by court order. If any provision of this Protective Order is held invalid for any reason, the remaining provisions shall not be affected. Any Party may apply to the Court for further or additional protective orders or for the modification of this Protective Order.

23. <u>Return of Protected Material</u>.  Within ninety (90) days after entry of an order or judgment finally terminating the Action, including all related court proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person or entity who originally produced or provided the Protected Material. The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders. The Party returning or destroying the Protected Material must certify in writing within the ninety (90) day period its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party through its counsel may retain one complete set of all documents filed with the Court or served in this Action, including exhibits, which shall remain subject to all the requirements of this Order.

24. <u>No Admission</u>.  The parties agree that a designation of information as Confidential or Highly Confidential – Attorney's Eyes Only or Highly Confidential – Attorneys' Eyes Only – Source Code is not intended to be and shall not be construed as an admission that the Protected Material is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.

25. <u>Effect of Protective Order</u>.  Nothing in this Protective Order shall: (i) be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing in this Action; (ii) be construed to limit any Party's use or disclosure of its own documents, materials, or information designated as Protected Material; (iii) prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known, or available from some lawful source other than in connection with this Action; (iv) prejudice the rights of any Party to introduce into evidence at trial any document, testimony, or other evidence; or (v) prejudice the right of any Party to object to the

authenticity or admissibility into evidence of any document, testimony, or other evidence.

     26.   <u>Survival of Obligation</u>.  The treatment accorded under this Order shall survive the termination of this Action.

     **IT IS SO ORDERED.**

DATED: _July 01, 2019_____

                          JOHN D. EARLY
                          United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLCONNECT, INC. | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-05959-DOC-JDE |
| | ) |
| KANDELA, LLC, | ) Related to Case No. 8:18-cv-01192- |
|     Defendant. | ) DOC-JDE |

**UNDERTAKING OF [INSERT NAME]**

I, [insert name], of [insert company], state the following under penalties of perjury as provided by law:

I have been retained by [insert party's name] as an expert or consultant in connection with this case. I will be receiving CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE information that is covered by the Court's protective order dated July 1, 2019. I have read the Court's protective order and understand that the CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE information solely for purposes of this case. I understand that neither the CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE information nor any notes concerning that information may be disclosed to anyone that is not bound by the

Court's protective order. I agree to return the CONFIDENTIAL and HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE information and any notes concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to the Court's jurisdiction over me or to the propriety of venue in that Court.

Date: _____, _____.

Name: _____

Address: _____

_____

Signature: _____

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALLCONNECT, INC.                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No. 2:18-cv-05959-DOC-JDE
                                    )
KANDELA, LLC,                       )   Related to Case No. 8:18-cv-01192-
                                    )   DOC-JDE
        Defendant.                  )

## UNDERTAKING OF [INSERT NAME]

I, [insert name], of [insert company], state the following under penalties of perjury as provided by law:

I am an officer or employee of [insert party's name] directly involved in this case whose access to CONFIDENTIAL information is reasonably required to supervise, manage or participate in this case. I will be receiving CONFIDENTIAL information that is covered by the Court's protective order dated July 1, 2019. I have read the Court's protective order and understand that the CONFIDENTIAL information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the CONFIDENTIAL information solely for purposes of this case. I understand that neither the CONFIDENTIAL information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the CONFIDENTIAL information and any notes concerning that information to the attorney for [insert name of retaining party] or to destroy the information and any notes at that attorney's request.

1         I submit to the jurisdiction of the Court that issued the protective order for

2    purposes of enforcing that order. I give up any objections I might have to the Court's

3    jurisdiction over me or to the propriety of venue in that Court.

4

5        Date: _____, _____.

6                       Name: _____

7                       Address: _____

8                                         _____

9                    Signature: _____